United States District Court
Southern District of Texas
FILED

MAR 2 8 2002

Michael N. Milby
Clerk of Court

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

UNITED STATES OF AMERICA
(Respondent)

vs.

JUAN CARLOS CABALLERO-RODRIGUEZ
(Defendant-Petitioner)

CRIMINAL DOCKET NUMBER:
1:01CR00205-001

CIVIL ACTION NO. **B-02- 060**

## MOTION TO VACATE, SET ASIDE OR CORRECT
## A SENTENCE BY A PERSON IN FEDERAL CUSTODY
## PURSUANT TO TITLE 28 USC §2255

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Juan Carlos Caballero-Rodriguez, Defendant-Petitioner, presently acting as Pro Se Counsel, hereinafter referred to as 'Petitioner' and makes and files this Motion to **Correct** a Sentence by a Person in Federal Custody.

And as a factual basis for this Motion Petitioner will respectfully show unto the Court the following in support.

### JURISDICTION

This Court has subject matter jurisdiction over the herein presented issues pursuant to Title 28 USC §2255.

Further, this is the Court of 'Original Jurisdiction'.

### FACTUAL BACKGROUND

On February 9, 2001 Petitioner was arrested by Agents with the Border Patrol upon receiving information that this Petitioner was part of a group of aliens who 'may' have entered the United States illegally. Immediately after Petitioner's arrest, the agent conducted a record check which reveled the Petitioner's prior record of being an illegal alien that was previously deported. Furthermore, the

1

Petitioner had not obtained the consent from the Attorney General of the United States for readmission into the United States.

In actuality, the Petitioner was part of a group of friends and associates traveling together to enter the United States illegally. (1) any assertion to indicate otherwise, is nothing but unfounded charges that will fail the proven beyond a reasonable doubt standard required in any criminal prosecution.

Society's interest will or cannot be served if Government continue to engage in dilatory tactics which amount to impermissible prejudice.

In the instant case, Petitioner's prior conviction under Docket No. 98CR00103-001 is the basis for Petitioner's sixteen (16) level enhancement in Petitioner's sentencing guidelines. However, that prior conviction (No. 98CR00103-001) charges and sentence imposed couple with summary deportation prior to the expiration of the term of imprisonment indicate that the prior conviction was not a serious charge that (2) will qualify Petitioner for the sixteen (16) level enhancement, at best (3) it would only call for an eight (8) level enhancement.

---

1. Petitioner was not charged with a more serious offense as defined in Title 8 USC §1327.

2. Offense under docket numer M-01-0540-M resulted in a sentence of ninty (90) days imprisonment and deported back to Mexico within eleven (11) days of the imposition of the term of imprisonment and before the expiration of the term of imprisonment.

3. Under the New Sentencing Guidelines of November 2001 the United States Sentencing Commission set out new requirements and changed the increment levels in the sentence enhancements.

## ARGUMENT

On October 12, 2001 Petitioner was sentenced to a term of Forty-Six (46) months of incarceration for the instant offense, plus a term of Fourt (4) months consecutive for Supervised Release violation.

Petitioner argues that he should have been sentenced under the new sentencing guidelines of November 1, 2001 wherein the level under USSG §21.1.2 (1)(c) would have only subjected Petitioner to an encrease of eight (8) levels rather than the Sixteen (16) levels assessed by the Probation Office and this Sentencing Court.

Petitioner argues that the 'Rule of Lenity' should have been applied in the instant case and he should have been sentenced to the less onreous sentence.

If the new law guidelines would have been applied according to the 'Rule of Lenity', the offense level would then have been eighteen (18) rather than the twenty-one (21) assessed.

Petitioner seeks resentencing to **'correct'** the offense level utilizing the November 1, 2001 guidelines.

## CONCLUSION

WHEREFORE, Petitioner moves this Court to 'correct' the sentence imposed on October 12, 2001 by using the 'new law' guidelines which came into effect on November 1, 2001.

And any and all such other relief that this Petitioner may be entitled to as a matter of law.

DATED: **3-24-02**

Respectfully submitted,

*Juan Carlos Caballero Rodriguez*
Juan Carlos Caballero-Rodriguez
Defendant-Petitioner Pro Se
Fed. Reg. No. 77774-079
Federal Detention Center
P.O. Box 526255
Houston, Texas 77052

## CERTIFICATE OF SERVICE

I Juan Carlos Caballero-Rodriguez hereby certify that on the below listed date I forwarded a true and correct copy of the Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody to the Office of the Assistant Uniyted States Attorney for the Southern District of Texas, Brownsville Division by placing the same in the United States mail first class postage prepaid.

DONE THIS **24th** DAY OF **march** 2002.

*Juan Carlos Caballero Rodriguez*
Juan Carlos Caballero-Rodriguez