IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Respondent | § | |
| | § | |
| vs. | § | CR B-01-205 |
| | § | |
| | § | |
| JUAN CARLOS | § | |
|    CABALLERO-RODRIGUEZ | § | |
|    a/k/a Guadalupe Cruz-Ramirez, | § | |
|    Petitioner | § | |
|    (CA B-02-60) | § | |

## GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(A) OF THE RULES FOLL. 28 U.S.C. 1 2255

The United States of America, "the government", files this response and motion to dismiss Juan Carlos Caballero-Rodriguez' (Caballero's) motion for Relief under 28 U.S.C. § 2255. In support thereof the government would show the court the following:

1.

The court ordered the government to respond to Caballero's 28 U.S.C. § 2255 motion, filed on March 28, 2002, by July 15, 2002. The government moves to dismiss and, in the alternative, moves for summary judgment.

2.

The government denies each and every allegation of fact made by Caballero, except those supported by the record and those specifically admitted here in, and demands proof thereof.

3.

Caballero, who was originally identified as Guadalupe Cruz-Ramirez, was indicted on April 24, 2001 in the Brownsville Division of the Southern District of Texas in CR B-01-205, and charged with having been denied admission, excluded, deported, and removed following the conviction of an aggravated felony, once found present in Cameron County Texas, committed on January 31, 2001, in violation of 8 U.S.C. § 1326 (a, b). The record reveals that Caballero was arrested by United States Border Patrol agents on February 9, 2001 after he was identified as the primary organizer of a smuggling ring responsible for the death of a juvenile from El Salvador (PSR, ¶6). The agents conducted a records check which revealed Caballero's prior criminal record. He had not obtained consent from the Attorney General of the United States for readmission into the United States (PSR, ¶7).

The record also reveals that Caballero was convicted on January 30, 1998 of assault on federal officer and transporting a certain alien within the United States in the United States District Court for the Southern District of Texas, Brownsville

Division, in CR B-98-103. He was sentenced to 112 days custody (PSR, ¶25). Following both convictions, Caballero was deported to Mexico on June 3, 1998 (PSR, ¶25). Caballero unlawfully reentered the United States thereafter.

On July 5, 2001, Caballero entered a plea of guilty to the indictment in conformance with a written plea agreement with the government under Fed. R. Crim. P. 11(e)(1)(B). In exchange for Caballero's guilty plea, the government agreed to recommend he receive full credit for timely acceptance of responsibility and that he receive a sentence at the low end of the applicable sentencing guideline range. The court accepted Caballero's plea.

The probation department scored Caballero at base offense level eight pursuant to USSG §2L1.2(a). A 16-level increase under USSG § 2L1.2(b)(1)(A) was awarded since Caballero had been deported from the United States to the Republic of Mexico in June 1998 following convictions for assault on a federal officer and transporting an alien within the United States in CR B-98-103-01 from this same division and district. His adjusted offense level was reduced by three-levels for timely acceptance of responsibility, for a total offense level of 21 (PSR, ¶¶ 12-21). Caballero's extensive criminal history netted him four criminal history points placing him in a criminal history category III, bearing a punishment of 46 to 57 months imprisonment (PSR, ¶¶ 21-29, 49). No objections were lodged against the PSR (DOCS. 26-27).

On October 12, 2001, the court adopted the PSR and sentenced Caballero to a 46-month term of imprisonment followed by a three-year supervised release term. He was also ordered to pay a $100 special cost assessment. The judgment was entered October 24, 2001 (DOC 30).

Caballero attempted to pursue a direct appeal, filing notice of appeal on February 11, 2002. While the untimely notice of appeal was pending, he filed the instant motion to vacate sentence on March 28, 2002. Thereafter, on April 3, 2002, the direct appeal was dismissed by the Fifth Circuit. On May 14, 2002, this court ordered the government to respond to Caballero's § 2255 petition.

4.

The instant petition is timely. The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996). Caballero is currently incarcerated an United States Bureau of Prisons facility in Beaumont, Texas, although he originally was incarcerated at the federal prison facility in Houston, Texas when the petition was first filed. He seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2255 from his conviction in the Brownsville Division of the Southern District of Texas. A § 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234

On October 12, 2001, the court adopted the PSR and sentenced Caballero to a 46-month term of imprisonment followed by a three-year supervised release term. He was also ordered to pay a $100 special cost assessment. The judgment was entered October 24, 2001 (DOC 30).

Caballero attempted to pursue a direct appeal, filing notice of appeal on February 11, 2002. While the untimely notice of appeal was pending, he filed the instant motion to vacate sentence on March 28, 2002. Thereafter, on April 3, 2002, the direct appeal was dismissed by the Fifth Circuit. On May 14, 2002, this court ordered the government to respond to Caballero's § 2255 petition.

4.

The instant petition is timely. The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996). Caballero is currently incarcerated an United States Bureau of Prisons facility in Beaumont, Texas, although he originally was incarcerated at the federal prison facility in Houston, Texas when the petition was first filed. He seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2255 from his conviction in the Brownsville Division of the Southern District of Texas. A § 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234

F.3d 277, 279 (5th Cir. 2000) (citation omitted).  Relief under a §2255 motion "is warranted for errors that occurred at trial or sentencing." *Id.*  He seeks relief from his conviction and sentence, and the relief sought under § 2255 is appropriate .

5.

Caballero complains he was improperly denied an additional 16 level reduction. He argues entitlement to the application of USSG § 2L1.2(1)(C)(eff. November 1, 2001) although he was sentenced on October 12, 2001.

6.

To obtain post-conviction relief in a collateral attack, a defendant must show either (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see United States v. Frady*, 456 U.S. 152, 167-168, 102 S.Ct. 1584, 1594 (1982), or (2) that he is actually innocent.  *Shaid*, 937 F.2d at 232. "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999).  To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder] would have convicted him." *Id.* (citations and quotations omitted).  Caballero does not satisfy the "actual innocence" prong. Thus, he must obtain relief after overcoming the procedural requirements for

5

review.

7.

Caballero waived any collateral attack concerning the application of the sentencing guidelines to which he was aware, district court rulings or district court's reliance upon the PSR by failing to preserve the claim in the lower court or raise those issues in a timely direct appeal. *See and compare United States v. Sorrells*, 145 F.3d 744, 750 & n.4(5th Cir. 1998)(citing *Bousley* and *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986)(holding that "cause" may be shown where "the factual or legal basis for a claim was not reasonably available to counsel"). Technical applications of the sentencing guidelines are not cognizable under § 2255 petitions. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).

8.

Caballero's argument, that the district court should have used the new sentence guideline which was effective on November 1, 2001 for a sentencing proceeding that antedated the change in the guideline, is without merit. Amendment 632 does not list USSG § 2L1.2 as retroactively applicable to Caballero under USSG § 1B1.10(c)(listing amendments that may be used to reduce prison terms). *See, e.g., United States v. Hernandez*, no. 99CR870(AGS), 2002 WL 732121 *1 (S.D. NY April 25, 2002)(case

involving post-conviction motion for sentence modification); *see and compare United States v. Davidson*, 283 F.3d 681, 683-84 (5th Cir. 2002) (in child pornography case involving amendment 615 to the guidelines, court held that sentencing guidelines in effect on the date of defendant's sentencing are to used to calculate sentence under USSG § 1B1.1 *et seq.*; *United States v. Drath*, 89 F.3d 216 (5th Cir. 1996)(in case involving amendment 439, court held that amendment to sentencing guidelines would not be given retroactive effect).

9.

No evidentiary hearing is necessary to resolve the issue presented. *United States v. Samuels*, 59 F.3d 526, 530 & ns.16-17 (5th Cir. 1995)(citations omitted); *Bartholomew*, 974 F.2d at 41-42. Caballero alleges no facts which would be the proper subject of a motion to correct sentence, vacate the judgment, or which would warrant an evidentiary hearing under either 28 U.S.C. § 2255. Therefore, the

government moves for dismissal, or in the alternative, summary judgment. The government prays that Caballero's motion for relief under 28 U.S.C. § 2255 be denied and that this court enter an order dismissing this action.[1]

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER
Chief, Appellate Section

_____
YONG J. AN
Assistant United States Attorney
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208
(713) 567-9506
State Bar No. 24033612
Federal I.D. No. 29460

---

[1] The government has requested for a sentencing transcript on June 17, 2002 as directed by the court. As of July 15, 2002, the transcript has not been transcribed for inclusion in the record; however, the information contained in PSR and judgment of conviction is sufficient for this court to resolve the undisputed claim raised in Caballero's motion.

## CERTIFICATE OF SERVICE

I, Yong J. An, certify that a true and correct copy of the above document has been served by placing same in the United States mail, postage prepaid, today, July 15, 2001 addressed to:

Juan Carlos Caballero aka Guadalupe Cruz-Ramirez
No. 77774-079
Beaumont USP
P. O. Box 26035
Houston, Texas 77720

_____
Yong J. An
Assistant United States Attorney