UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN CARLOS CABALLERO-RODRIGUEZ, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-02-060 CRIMINAL NO. B-01-205 |
| UNITED STATES OF AMERICA, Respondent. | § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Juan Carlos Caballero-Rodriguez has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

## BACKGROUND

Petitioner Caballero-Rodriguez, who was originally identified as Guadalupe Cruz-Ramirez, was indicted on April 24, 2001, in the Brownsville Division of the Southern District of Texas in Criminal Number B-01-205. Caballero-Rodriguez was charged with having been denied admission, excluded, deported, and removed following the conviction of aggravated felony, once found present in Cameron County, Texas. The January 31, 2001, re-entry was in violation of 8 U.S.C. § 1326 (a, b). On July 5, 2001, Caballero-Rodriguez entered a plea of guilty to the indictment in conformance with a written plea agreement. In exchange for Caballero-Rodriguez's plea, the government agreed to recommend full credit for timely acceptance of responsibility and that he receive a sentence at the low end of the applicable sentencing guideline range. The court accepted the Petitioner's plea.

The probation department scored Caballero-Rodriguez at base offense level eight, pursuant to the United States Sentencing Guidelines (USSG), § 2L1.2(a). A 16-level increase under USSG § 2L1.2(b)(1)(A) was implemented since Caballero had been deported from the United States to the Republic of Mexico in June of 1998 following convictions for assault on a federal officer and transporting an alien within the United States. His adjusted offense level was reduced by three-levels for timely acceptance of responsibility, giving him a total offense level of 21. Caballero-Rodriguez's prior criminal history placed him in Criminal History Category III, bearing a punishment of 46 to 57 months imprisonment. No objections were lodged against the PSR.

On October 12, 2001, the district court adopted the PSR and sentenced Caballero-Rodriguez to a 46-month term of imprisonment followed by a three-year supervised release term. He was also ordered to pay a $100 special cost assessment. The judgment was entered October 24, 2001.

Caballero-Rodriguez attempted to pursue a direct appeal, filing notice of appeal on February 11, 2002. While the untimely notice of appeal was pending, he filed the instant motion to vacate sentence on March 28, 2002. Thereafter, on April 3, 2002, the direct appeal was dismissed by the Fifth Circuit.

## ALLEGATION

Juan Carlos Caballero-Rodriguez has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence, and alleges that he was improperly denied an additional 16-level reduction due to the application of USSG § 2L1.2(1)(C) (effective November 1, 2001).

## ANALYSIS

Caballero-Rodriguez's argument, that the district court should have used the new sentence guideline, is without merit. USSG § 2L1.2 became effective on November 1, 2001. Petitioner was sentenced on October 12, 2001. Amendment 632 does not list USSG § 2L1.2 as retroactively applicable to Caballero-Rodriguez under USSG § 1B1.10(c). Therefore, Petitioner's application for relief must fail.

## RECOMMENDATION

For the above mentioned reasons, Petitioners Juan Carlos Caballero-Rodriguez 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[1]

DONE at Brownsville, Texas, this 17th day of July, 2002.

Felix Recio
United States Magistrate Judge

---

[1] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).